1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TYLER GLENN LAGERWEY,

               Plaintiff,

    v.

COMMISSIONER VERGE, et al.,

               Defendants.

Case No. C14-1030 JLR-BAT

**REPORT AND
RECOMMENDATION**

      Plaintiff Tyler Glenn Lagerwey is confined at the Washington Corrections Center

(WCC).  At the time he filed his complaint, he was confined in the Whatcom County Jail.  Dkt.

1.  On July 10, 2014, he was granted leave to proceed *in forma pauperis* and his complaint

seeking relief under 42 U.S.C. § 1983 was filed.  Dkts. 3 and 4.  In his pro se complaint, Mr.

Lagerwey alleges that he was illegally seized and bitten by a K9 officer of the Whatcom County

Sheriff's Office.  He also alleges that he has been denied bail hearings, his counsel is rendering

ineffective assistance of counsel, and he is being denied outgoing telephone calls as a pre-trial

condition.  He requests monetary compensation for "physical and emotional pain" and that this

Court vacate the judgments in his criminal cases: Nos. 14-1-00317-2 and 14-1-00505-1.  Dkt. 4.

      The Court declined to serve the complaint and directed Mr. Lagerwey to file an amended

complaint to correct noted deficiencies by August 11, 2014.  Dkt. 5.  On August 6, 2014, Mr.

1  Lagerwey advised that he had been moved to WCC and requested the Clerk to send him any

2  documents he may not have received.  Dkt. 6.  On August 11, 2014, the Clerk sent a copy of the

3  Court's Order (Dkt. 5) and a § 1983 complaint form to Mr. Lagerwey.  Dkt. 7.  To date, Mr.

4  Lagerwey has not amended his complaint or otherwise responded to the Court's Order.  It is

5  recommended that this matter be dismissed without prejudice.

6  **DISCUSSION**

7  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct

8  complained of was committed by a person acting under color of state law and (ii) the conduct

9  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

10  United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels*

11  *v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged

12  wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th

13  Cir. 1985).

14  **A.      Allegations Relating to Arrest and K9 Bite**

15  Mr. Lagerwey alleges that in March 2014, he was "illegally seized and subsequently

16  bitten by a K9 Officer of the Whatcom County Sheriff" and that this "caused [him] severe pain."

17  The Court interprets this as an attempt to plead a claim of excessive force in violation of the

18  Fourth Amendment.  However, Mr. Lagerwey has not alleged facts sufficient to state such a

19  claim.  First, he fails to name an appropriate party, i.e., the officer or officers who handled the

20  K9.  Although Mr. Lagerwey names Bill Elfo and Lt. Stach, the complaint contains no factual

21  allegations against these parties.  Mr. Lagerwey also names the Whatcom County Public

22  Defenders' Office, Sheriff's Department, and Jail.  These entities are not "persons" for purposes

23  of a Section 1983 civil rights action. While a county, such as Whatcom County may be sued

1    under § 1983, the plaintiff must allege that he was harmed as a result of a "custom or policy" of

2    the county.  *See Board of County Com'rs v. Brown*, 520 U.S. 397 (1997); *Ortez v. Washington*

3    *County*, 88 F.3d 804, 811 (9th Cir.1996).  Mr. Lagerwey has not done so.

4          Mr. Lagerwey also fails to allege the facts and circumstances of his arrest so that the

5    Court may determine whether he has properly stated a Fourth Amendment claim.  Determining

6    whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment

7    requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth

8    Amendment interests" against the countervailing governmental interests at stake.  *Graham v.*

9    *Connor*, 490 U.S. 386, 396 (1989) (internal quotations omitted).  Proper application of the test of

10   reasonableness under the Fourth Amendment requires careful attention to the facts and

11   circumstances of each particular case, including the severity of the crime, whether the suspect

12   poses an immediate threat to the safety of the officers or others, and whether he is actively

13   resisting arrest or attempting to evade arrest by flight.  *Id.* (*citing Tennessee v. Garner*, 471 U.S.

14   1, 8-9 (1985).

15         Mr. Lagerwey was advised that if he wished to pursue this claim, he should name the

16   officers involved and describe the facts and circumstances of his arrest and the harm he suffered.

17   He has not done so.

18   **B.      Allegations Relating to State Criminal Cases 14-1-00317-2 and 14-1-00505-1**

19         Although Mr. Lagerwey asks that the Court "vacate" the judgments in his state criminal

20   cases, it is unclear from his complaint whether Mr. Lagerwey has been convicted or whether

21   these cases are ongoing in the Whatcom County Superior Court.  He alleges *inter alia* that he has

22   been denied bail hearings, is being denied conflict-free counsel, is being provided ineffective

23   counsel, and has been subjected to an allegedly illegal no phone contact order as a pre-trial

1  condition.  With regard to these claims, Mr. Lagerwey names a Whatcom County Commissioner,

2  the Whatcom County Public Defender's Office, and Public Defender Amy Jones.  These

3  allegations are insufficient to state a cognizable claim under § 1983.

4        First, Mr. Lagerwey fails to name any proper defendants.  A state public defender

5  performing traditional lawyer functions is not a state actor. *See, e.g., French v. Carlson*, 368

6  Fed.Appx. 839 (9th Cir. 2010).  Prosecutors are absolutely immune from damages under section

7  1983 when acting within the scope of their duties in presenting the state's case. *See Imbler v.*

8  *Pachtman*, 424 U.S. 409, 410 (1976) (applying absolute immunity to bar a section 1983 action

9  alleging that a prosecutor knowingly used false testimony at trial).  Judges are absolutely

10  immune from liability for damages in civil rights suits for judicial acts performed within their

11  subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*,

12  793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th

13  Cir. 1988) (per curiam).

14        Even if Mr. Lagerwey amended his complaint to name a proper defendant as to these

15  claims, the claims are still subject to dismissal because they are either a part of an ongoing state

16  criminal matter or because a judgment in this case in his favor would necessarily imply the

17  invalidity of his convictions or sentence.

18        1.    **Ongoing Criminal Proceedings**.  Mr. Lagerwey was previously advised that if

19  he is attempting to challenge the propriety of ongoing criminal proceedings in Whatcom County,

20  this claim must be dismissed.  Generally, federal courts will not intervene in a pending criminal

21  proceeding absent extraordinary circumstances where the danger of irreparable harm is both

22  great and immediate.  *See Younger v. Harris*, 401 U.S. 37, 45 46 (1971); *see also Fort Belknap*

23  *Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49

REPORT AND RECOMMENDATION - 4

(1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)(*Younger* abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).  These conditions apply here and there do not appear to be an extraordinary circumstances warranting federal court intervention.

**2.      Challenge to Convictions/Imprisonment**.  Mr. Lagerwey was further advised that he cannot challenge his convictions and/or imprisonment in this § 1983 case.  A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because Mr. Lagerwey does not allege that his convictions have been invalidated, any challenge to those convictions in this § 1983 case is barred.

REPORT AND RECOMMENDATION - 5

**CONCLUSION**

Mr. Lagerwey has failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.  He was given an opportunity to cure noted deficiencies in his complaint but has failed to do so.  Therefore it is recommended that this action be dismissed prior to service **without prejudice.**

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Any objections to this Recommendation must be filed and served upon all parties no later than **Wednesday, September 24, 2014.**  The Clerk should note the matter for **Friday, September 26, 2014,** as ready for the District Judge's consideration.  Objections shall not exceed eight (8) pages.  The failure to timely object may affect the right to appeal.

DATED this   3rd   day of September, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6